1  NICOLA T. HANNA
   United States Attorney
2  JOSEPH B. WIDMAN
   Assistant United States Attorney
3  Chief, Riverside Office
   JERRY C. YANG (Cal. Bar No. 241323)
4  Deputy Chief, Riverside Office
   Assistant United States Attorneys
5       3403 10th Street, Suite 200
        Riverside, California 92501
6       Telephone: (951) 276-6221
        Facsimile: (951) 276-6202
7       E-mail:    jerry.yang@usdoj.gov

8  Attorneys for Plaintiff
   UNITED STATES OF AMERICA

9

10                      UNITED STATES DISTRICT COURT

11                 FOR THE CENTRAL DISTRICT OF CALIFORNIA

12  UNITED STATES OF AMERICA,           ED CR No. 17-278-MWF

13           Plaintiff,                 GOVERNMENT'S *EX PARTE* APPLICATION
                                        FOR AN ORDER ALLOWING DISCLOSURE
14           v.                         OF GRAND JURY TESTIMONY;
                                        MEMORANDUM OF POINTS AND
15  CHRISTOPHER LLOYD BURNELL,          AUTHORITIES; DECLARATION OF AUSA
                                        JERRY C. YANG; [PROPOSED] ORDER
16           Defendant.

17                                      Trial Date:  February 13, 2018
                                        Time:        8:30 a.m.
18                                      Place:       Courtroom of the
                                                     Hon. Michael W.
19                                                   Fitzgerald

20

21

22       Plaintiff, United States of America, by and through its counsel

23  of record, the United States Attorney for the Central District of

24  California, hereby applies ex parte for an order pursuant to Rule

25  6(e)(3)(E)(i) of the Federal Rules of Criminal Procedure,

26  authorizing the government to provide defendant's counsel of record

27  with a copy of the grand jury testimony of a witness whom the

28  government may call at trial.

1   The government makes this application because of defendant's
2 need to prepare his case and the disclosure requirements of the
3 Jencks Act, 18 U.S.C. § 3500.  This application is based on the
4 attached Memorandum of Points and Authorities and Declaration of
5 [AUSA NAME], the files and records of this case, and such further
6 evidence and argument as may be presented at any hearing on this
7 application.

Dated: January 23, 2018           Respectfully submitted,

                                  NICOLA T. HANNA
                                  United States Attorney

                                  JOSEPH B. WIDMAN
                                  Assistant United States Attorney
                                  Chief, Riverside Branch Office


                                       /s/
                                  _____
                                  JERRY C. YANG
                                  Assistant U.S. Attorney
                                  Deputy Chief, Riverside Branch
                                  Office

                                  Attorneys for Plaintiff
                                  UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

Federal Rule of Criminal Procedure 6(e)(2)(B) provides in relevant part: "Unless these rules provide otherwise, the following persons must not disclose a matter occurring before the grand jury: . . . (vi) an attorney for the government . . . ." Fed. R. Crim. 6(e)(2)(B). Rule 6(e)(3)(E) provides in relevant part: "The court may authorize disclosure -- at a time, in a manner, and subject to any other conditions that it directs -- of a grand-jury matter: [] preliminarily to or in connection with a judicial proceeding . . . ." Fed. R. Crim. 6(e)(3)(E).

A trial court has "substantial discretion to order or deny release" of a grand jury transcript. United States v. Evans & Associates Construction Co., 839 F.2d 656, 658 (9th Cir. 1988). The starting point for the Court's analysis is the "long-established policy that maintains the secrecy of the grand jury proceedings in the federal courts." Id. (citation omitted). The Supreme Court has established five policy reasons for maintaining the secrecy of grand jury proceedings:

> (1) to prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witnesses who may testify before [the] grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; [and] (5) to protect [an] innocent accused who is exonerated from disclosure of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt.

United States v. Procter & Gamble Co., 356 U.S. 677, 681 n.6 (1958) (internal quotations omitted); see also United States v. Dynavac, Inc., 6 F.3d 1407, 1411 (9th Cir. 1993) (citing Procter & Gamble and

Douglas Oil Co. of Calif. v. Petrol Stops Nw., 441 U.S. 211, 219 (1979), for the same proposition). In United States Indus., Inc. v. United States District Court, the Ninth Circuit reasoned that a determination of whether disclosure of grand jury material should be made under Rule 6(e) depends on the need of the party seeking disclosure and on the "policy considerations for grand jury secrecy as they apply to the request for disclosure under consideration." 345 F.2d 18, 21 (9th Cir. 1965). The court held: "[I]f the reasons for maintaining secrecy do not apply at all in a given situation, or apply to only an insignificant degree, the party seeking the disclosures should not be required to demonstrate a large compelling need." Id.

In this instance, the policy considerations requiring secrecy are inapplicable with respect to those witnesses who will testify at trial because the case has been indicted. See Dynavac, 6 F.3d at 1412 ("When the grand jury investigation is already terminated and an indictment has been issued, only 'institutional' concerns are implicated by the documentary disclosure.") (citation omitted). Moreover, disclosure of the grand jury testimony to defense counsel, who has requested such disclosure, would be in the interest of justice and allow defense counsel material necessary to the defense in advance of trial.

For the foregoing reasons, the government respectfully requests that this Court issue an order authorizing the government to provide defense counsel with a copy of the grand jury testimony of a witness the government may call at trial.

2

**DECLARATION OF JERRY C. YANG**

I, Jerry C. Yang, declare and state as follows:

1. I am an Assistant United States Attorney for the Central District of California and am assigned to the prosecution of <u>United States v. Christopher Lloyd Burnell</u>, ED CR No. 17-238. I make this declaration in support of the government's <u>ex parte</u> application for an order permitting disclosure of a grand jury transcript.

2. I expect that the government may call at trial a witness who testified before the grand jury during the investigation of this case. Such testimony constitutes a statement under the Jencks Act, 18 U.S.C. § 3500, which the government is required to provide to the defendant.

3. On January 22, 2018 and January 23, 2018, I contacted defense counsel, Jeffrey Dains, and informed him that the government would be filing the present <u>ex parte</u> application and asked for his position on the <u>ex parte</u> nature of the application. Defense counsel informed me that he does not oppose the application or the <u>ex parte</u> nature of the application, "on the condition that all grand jury information is provided, including the transcripts."

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed at Riverside, California, on January 23, 2018.

                                              /s/ Jerry C. Yang
                                              JERRY C. YANG
                                              Assistant U.S. Attorney